974 F.2d 1330
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arnold Norman FANT, Plaintiff-Appellant,
v.
UNITED STATES MARSHAL SERVICE; K. Michael Moore, Director;
John Doe; Joe Lazar; Wallace E. Cheney; Charles
A. Curran, Defendants-Appellees.
 No. 92-6577.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 10, 1992
Decided: September 14, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-288-R)
 Arnold Norman Fant, Appellant Pro Se.
 E.D.Va.
 VACATED AND REMANDED.
 Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Arnold Norman Fant appeals the district court's dismissal of his Bivens* action against the United States Marshal Service and others, claiming that an unknown marshal violated his right to be free from the use of excessive force. Questioning whether the Eastern District of Virginia was the proper venue for the action, the magistrate judge ordered Fant to provide the proper service addresses for the Defendants and warned Fant that failure to provide the addresses would result in dismissal of the complaint. After two warnings, the district court filed the complaint and immediately dismissed the action for failure to comply with a court order.
 
 
 2
 Fant claimed here and below that the proper addresses were included in the original complaint. This assertion is correct. Fant provided the proper street, city, and state addresses for the named Defendants in that portion of his form complaint which identified the parties. The district court abused its discretion when it dismissed the action for failure to obey a court order when the information sought in the order was included in the original filing.
 
 
 3
 Fant also gave the same address for the John Doe Defendant. Under Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 444 U.S. 1087 (1980), the district court is required to afford Fant a reasonable opportunity to determine the correct person against whom the claim should be asserted and advise him how to proceed to bring that person before the court. If the address for the John Doe Defendant was incorrect, the district court had an obligation to assist Fant in identifying the proper defendant.
 
 
 4
 Accordingly, we vacate the district court's order and remand the case for further proceedings. If on remand the district court determines that venue was improper, it should transfer the case to the appropriate district court, if transfer would serve the interest of justice. 28 U.S.C. § 1406(a) (1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 See Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)